**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **DARREN TRUCKING COMPANY,** | : |
| Plaintiff, | : |
| v. | :     Civil No. 8-18-cv-03936-GJH |
| **PACCAR FINANCIAL CORP.,** | : |
| Defendant. | : |

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Darren Trucking Company ("Plaintiff"), responds to the motion (the "Motion") to dismiss Plaintiff's Complaint (the "Complaint") filed by Defendant, PACCAR Financial Corp. ("Defendant").

## STANDARD OF REVIEW

While Plaintiff does not contest the standard of review as articulated by Defendant in the Motion, Plaintiff disagrees with Defendant's conclusion that Plaintiff has failed to meet the minimal standard for pleading pursuant to Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## DEFENDANT'S SECTION I: CAPACITY TO SUE

Plaintiff does not contest that Derick J. Noel and Hilary L. Findley should be added to the Complaint as real parties in interest, doing business as Darren Truck Company. However, Plaintiff objects to Defendant's assertion that the Complaint should be dismissed in its entirety on these grounds, because F.R.C.P. 17(a)(3) allows a reasonable time after Defendant's objection for the ratification, joinder, or substitution into the action of the real party (or parties) in interest before the Court dismisses on the grounds of failure to

1

prosecute in the name of the real party (or parties) in interest. Plaintiff should therefore be permitted a reasonable amount of time in which to join or substitute into the action Derick J. Noel and Hilary L. Findley as the real parties in interest. In the alternative, the Court may wish to initiate corrective action as the Court did in <u>Riverkeeper v. United States Army Corps of Engineers</u>, No. 10-CV-01834-AW, 2011 WL 13078022, at *1 (D. Md. Jan. 18, 2011).

**DEFENDANT'S SECTION II: VIOLATION OF MD. COMM. LAW ART. § 9-609(B)**

Plaintiff agrees with Defendant's articulation of governing law with respect to breach of the peace in the context of repossession. Maryland's Commercial Law Article § 9-609(b) provides that a secured party may take possession of collateral without judicial process if such possession proceeds without breach of the peace. However, it is widely known that "Maryland courts have not had opportunity to illuminate the meaning of 'breach of the peace,' and therefore the court must look to decisions from sister states for guidance. State courts across the country agree that repossession may breach the peace if it involves: 'law enforcement; violence or threats of violence; trespass; verbal confrontation; [or] disturbance to third parties.'" <u>Cooper v. Fulton Bank, N.A.</u>, No. CV CCB-16-4138, 2017 WL 5478318, at *4 (D. Md. Nov. 15, 2017) (citing <u>Rivera v. Dealer Funding, LLC</u>, 178 F. Supp. 3d 272, 279 (E.D. Pa. 2016).

Defendant cites the <u>Cooper</u> case extensively in the Motion. Besides the fact that <u>Cooper</u> is clearly distinguishable from the case at hand, there are problems with Defendant's analysis of the case:

1. Unlike <u>Cooper</u>, Plaintiff here objected forcefully to Defendant entering its property. The plaintiff in <u>Cooper</u> "[did] not dispute that the defendants had a right to enter his land to repossess his camper." <u>Cooper</u>, at *4. In contrast, the

Plaintiff here alleges that he objected loudly that the repossessor did not have the right to repossess the subject vehicle because Defendant's representative, "Mike," had assured Plaintiff the day prior, on September 19, 2018, that there would be no problem as long as payment was received by September 21, 2018. Complaint at 2 ¶ 9 and 3 ¶ 12.  Plaintiff certainly has the right to rely upon the statements of Defendant's agents.  Plaintiff was told that repossession would <u>not</u> occur that day; Plaintiff would have no reason to expect Defendant's agents at its premises.

2. Unlike <u>Cooper</u> Plaintiff was threatened by Defendant's agent and a member of law enforcement had to be called. In <u>Cooper</u>, the Court reasoned that, "Cooper merely asserts that the [repossessing] men made eye contact with him, failed to provide notice, and ran towards his home. But these facts cannot constitute breach of the peace." <u>Cooper</u>, at *4. In contrast, Plaintiff here alleges that a disagreement ensued between Plaintiff and the repossessor after the repossessor's intent became known to Plaintiff, and that this disagreement intensified to the extent that the police were called. Complaint at 3 ¶ 12-13. Further, Plaintiff is prepared to offer testimony to further highlight the intensity of the interaction.[1]

3. The failure of a repossessor to retreat is not common, nor should it be.  The plaintiff in <u>Cooper</u> claimed that the defendants breached the peace by failing to retreat after Cooper objected to the repossession. In the sentence preceding the Court's analysis of Cooper's multiple claims regarding breach of the peace,

---

[1] The repossessor stated that he had a "fucking gun" and that he was "taking that truck tonight."

3

including the failure to retreat claim, the Court stated that "These allegations are either true of the typical repossession <u>or</u> unsupported by the factual allegations in the complaint." <u>Cooper</u>, at *4 (emphasis added). The Court did not conclude that failure to retreat was true of the typical repossession; rather, the Court determined that the plaintiff's failure to retreat claim was unsupported by the complaint because "there is no indication that Cooper ever asked the [repossessing] men to leave." <u>Cooper</u>, at *5. The Defendant's Motion is therefore incorrect in asserting that the <u>Cooper</u> Court "[noted] that a repossessor failing to retreat after objection is 'true of the typical repossession.'" Motion at 6-7.[2]

4. Unlike <u>Cooper</u>, Defendant here failed to deescalate the situation. In <u>Cooper</u>, the Court noted that the repossessors flashed their (perhaps fake) badges only when they were held at gunpoint, presumably to deescalate the situation. <u>Cooper</u>, at *5. Here, Defendant did nothing to deescalate. As Defendant concedes, Plaintiff called the police, this only serves to underscore how intractable and volatile the situation had become due to the repossessor's refusal to leave. Motion at 6.

5. The Motion mischaracterizes <u>Cooper</u> as standing for the proposition that "The mere presence of the police is not sufficient to allege a 'breach of peace.'" Motion at 5. In actuality, the <u>Cooper</u> Court's granting of the defendants' motions to dismiss with respect to breach of the peace was based only on the behavior of the repossessors prior to police involvement: "The defendants in this case were

---

[2] The <u>Cooper</u> Court also found that the plaintiff's failure to retreat claim failed because Cooper's detention of the repossessors at gunpoint, while waiting for the police to arrive, effectively prevented the repossessors' retreat. <u>Cooper</u>, at *5. In contrast to the plaintiff in <u>Cooper</u>, the Plaintiff in this case did nothing to restrain the repossessor from leaving.

4

no more likely to cause confrontation or violence than the typical repossession effort." Cooper, at *5.

Defendant also cites Chrysler Credit Corp. v. Koontz, 277 Ill. App. 3d 1078, 1082, 661 N.E.2d 1171, 1174 (1996) as persuasive authority for the proposition that oral protest, without more, is not a breach of the peace. Motion at 7. That case, too, can be readily distinguished from the instant case. In Koontz, the plaintiff had run outside in his underwear when the repossessor arrived during the night, and had yelled – only one time – "Don't take it!" The repossessor made no verbal or physical response, and the plaintiff opted not to run over to the repossessor and engage in further dispute because he was in his undergarments. Koontz, 661 N.E.2d at 1174. Here, in contrast, the Plaintiff and the repossessor engaged in a loud and intense disagreement that led to police involvement because the repossessor would not stop in his efforts. The Koontz case thus involved a single yell, not a protracted public argument like the one at issue here. Indeed, even the Koontz Court noted that "Threats and epithets directed at another may or may not constitute a breach of the peace, depending upon the likelihood that a disturbance will follow." Koontz, 661 N.E.2d at 1173.

Defendant asserts that the fact that the police permitted the repossession somehow suggests that Defendant could not have breached the peace. Motion at 7. Besides being contrary to Cooper, which affirms that repossession may breach the peace if it involves law enforcement, this assertion is contrary to a number of state cases finding or suggesting breach of the peace because of police involvement in repossessions: Jackson v. RICHARDS 5 & 10 INC., 433 A.2d 888, 289 Pa. Superior Ct. 445 (Super. Ct. 1981) (cited by Rivera, dicta in this case note a line of authority that says that use of law enforcement agents in

repossessions itself creates a constructive breach of the peace); Walker v. Walthall, 121 Ariz. 121, 588 P.2d 863 (1978) (finding that the introduction of law enforcement officers into the area of self-help repossession, regardless of their degree of participation or non-participation in the actual events, constitutes state action that invalidates a repossession); and Stone Machinery Co. v. Kessler, 1 Wash.App. 750, 463 P.2d 651 (1970) (finding that a sheriff's mere presence was a constructive show of force constituting a breach of the peace, because the effect of the sheriff's presence was to prevent the debtor from exercising his right to resist by all lawful and reasonable means a nonjudicial repossession).

Finally, Defendant suggests that Plaintiff may lack a private right of action under Maryland Commercial Law Article § 9-609(b) for the alleged breach of peace. However, the Maryland Annotated Code itself suggests a legislative intent that is different from what Defendant urges. Comment 4 of § 9-609 directs the reader to § 9-625, Remedies for secured party's failure to comply with title, Comment 3, "[c]oncerning damages that may be recovered based on a secured party's breach of the peace in connection with taking possession of collateral." Comment 3 of § 9-625(b) states that: "Damages for violation of the requirements of this Article, including Section 9-609, are those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation occurred . . . Subsection [§ 9-625](b) supports the recovery of actual damages for committing a breach of the peace in violation of Section 9-609, and principles of tort law supplement this subsection." Importantly, § 9-625(c)(1) appears to provide for a private right of action as follows: "A person that, at the time of the failure [to comply with this title], was a debtor, [or] was an obligor . . . may recover damages under subsection [§ 9-625](b) for its loss. . ." The Plaintiff here is listed as the Buyer on the Security

Agreement/Retail Installment Contract between the parties (the "Contract"), making Plaintiff a debtor under § 9-625(c)(1). To put Plaintiff in the position it would have occupied had no violation occurred, Defendant should return the subject vehicle to Plaintiff and pay Plaintiff for the loss of commercial use of the vehicle, less the payment that Plaintiff was going to make the day after the repossession pursuant to the advice of "Mike" in Defendant's office on September 19, 2018.

## SECTION III: BREACH OF CONTRACT

The Defendant points out certain sections of Part 11 of the Contract, entitled "Remedies," particularly noting item 11(c), which provides as follows: "If Buyer defaults under this Contract, Seller may, at its option, with or without notice to the Buyer, exercise all the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws."[3] As demonstrated above, Defendant violated § 9-609 by causing a breach of the peace. Defendant sent a repossessor to a customer who had been reassured the day prior that repossession would not occur, and then engaged in a public disagreement with Plaintiff at the scene of the repossession that required police involvement. Complaint at 2 ¶ 9 and 3 ¶ 13. Defendant's repossession of the collateral therefore did not comply with applicable law, as required by the Contract, and, accordingly, constituted a breach of contract.

## SECTION IV: CONVERSION

Plaintiff does not contest Defendant's assertion that it "was entitled to exercise its repossession remedy when there was a default and so long as it was in compliance with

---

[3] Plaintiff contends that Defendant waived its right to future prompt payment based on its continued acceptance of Plaintiff's late payments. See Battista v. Savings Bank of Baltimore, 67 Md. App. 257 (1986). Plaintiff further alleges that Defendant, through its agent, specifically permitted late payment on Plaintiff's account in September 2018.

7

law . . ." (Motion at 9). However, as discussed above, Defendant's conduct created a breach of the peace and therefore did not comply with applicable law. The Defendant wrongfully exercised dominion over the Plaintiff's property, thus supporting the Plaintiff's claim of conversion. See Kalb v. Vega, 56 Md. App. 653, 665 (1983).

## SECTION V: PUNITIVE DAMAGES

Plaintiff agrees that there should not be a separate cause of action for punitive damages. See Biggs v. Eaglewood Mortg., LLC, 582 F. Supp. 2d 707, 711 (D. Md. 2008). However, Plaintiff contests Defendant's assertion that the claim for punitive damages should be dismissed on this account, because the Plaintiff can establish actual malice on the part of Defendant.

Plaintiff agrees that "[i]n a tort action arising out of contract, punitive damages are recoverable only where the plaintiff establishes actual malice." K & K Mgmt., Inc. v. Lee, 316 Md. 137, 175 (1989). Plaintiff also agrees that actual malice is "defined as an act performed 'with an evil or rancorous motive influenced by hate, the purpose being to deliberately and willfully injure the plaintiff.'" Food Fair Stores, Inc. v. Hevey, 275 Md. 50, 55 (1975). Importantly, however, Maryland recognizes that "[d]irect evidence of hate, rancor, or evil motive may be difficult and in some circumstances impossible to attain," and that "[a]ctual malice can be inferred from circumstantial evidence." K & K Mgmt., Inc. 316 Md. at 175. Particularly "[i]n the commercial sphere . . . where an impersonal relationship is more likely to prevail, such emotions as anger or spite are not always vented in a direct manner, and not infrequently find their expression in the facts and circumstances surrounding the tortious conduct." Id., quoting Henderson v. Maryland Nat'l Bank, 278 Md. 514, 520, 366 A.2d 1, 4 (1976). In the commercial context of the case at hand, Defendant (a) initially gave

Plaintiff until September 21, 2018 to pay, expressed through Defendant's representative "Mike,"; (b) sent the repossessor on September 20, 2018, despite what Mike had said the day prior; and (c) admitted to Plaintiff after the repossession that "an earlier verbal disagreement [that Plaintiff had] with one of Defendant's employees, 'Chris," had caused Defendant to change its mind." Complaint at 3 ¶ 15. Motivated by this rancor directed at Plaintiff, the Defendant thus set into motion a predictably volatile series of events by sending a repossessor to a customer who had been reassured the day prior that repossession would not occur. Actual malice may be inferred from the Defendant's course of conduct and by its admission to Plaintiff regarding motive, and Plaintiff should be awarded punitive damages.

## Part VI: JURY TRIAL DEMAND

Plaintiff concedes that the Complaint's jury trial demand should be stricken.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim should be denied.

Dated: January 11, 2019    Respectfully submitted,

/s/ Stacy R. Pace
Stacy R. Pace, No. 16740
PACE Group PLLC
1629 K Street, NW, Ste. 300
Washington, DC 20006
Phone: 202-248-6866
Fax: 202-280-1395
Email: Stacy@PACEGroupPLLC.com

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2019 a copy of the foregoing response was served on the following individuals electronically via CM/ECF:


Scott A. Thomas
Gregory C. Mullen
Tydings & Rosenberg, LLC
One East Pratt Street, Suite 901
Baltimore, MD 21202


                                          **/s/ Stacy R. Pace**
                                          **Stacy R. Pace**