**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **DARREN TRUCKING COMPANY,** | * |
| Plaintiff, | * |
| v. | *     Case No.: GJH-18-3936 |
| | * |
| **PACCAR FINANCIAL CORP.,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

Plaintiff Darren Trucking Company, ostensibly located in Maryland,[1] filed this action in the Circuit Court of Maryland for Prince George's County against Defendant Paccar Financial Corporation, a company incorporated and with its principal place of business in Washington, to resolve a dispute over a repossessed dump truck. ECF Nos. 1, 1-2. Defendant timely removed the case to this Court, ECF No. 1, and filed a Motion to Dismiss, ECF No. 4. No hearing is necessary. See Loc. Rule 105.6. For the following reasons, Defendant's Motion to Dismiss shall be denied.

**I.    BACKGROUND[2]**

On July 27, 2017 Plaintiff contracted with Defendant to purchase a dump truck. ECF No. 1-2 ¶ 4. Plaintiff made a down payment of $20,500, and made consistent payments on the

---

[1] The parties agree that Darren Trucking Company is merely a trade name, and thus is not an entity with the capacity to sue. *See Riverkeeper v. United States Army Corps of Engineers*, No. 10-cv-1834-AW, 2011 WL 13078022, at *1 (D. Md. 2011). The Court will thus instruct the Clerk to substitute Derick J. Noel and Hilary L. Findley—both citizens of Maryland—as the proper Plaintiffs in this case. *See id*. (holding that, because the use of the trade name was "at most [a] misnomer[]," the appropriate remedy is to substitute the proper plaintiff).

[2] For the purposes of this Motion, the Court accepts the well-pleaded allegations in Plaintiff's Complaint as true.

1

balance of $184,601.34. *Id.* ¶¶ 5-6. In late August of 2018, Plaintiff and one of Defendant's representatives became involved in a dispute regarding the payments, and on Tuesday, September 18, another of Defendant's representatives called Plaintiff to inquire about his next payment. *Id.* ¶ 8. The next day, Plaintiff returned the call and stated that payment would be forthcoming; Defendant's representative agreed to these terms, as long as payment would be received by that Friday. *Id.* ¶ 9.

The following day, an individual arrived at Plaintiff's property with a tow truck, intent on repossessing the truck. *Id.* ¶ 10. The vehicle was parked "alongside the residence, behind a gate." *Id.* ¶ 11. Plaintiff "objected loudly" to the repossession, and the disagreement between he and the individual escalated until the police were called. *Id.* ¶¶ 12-13. The police arrived and ordered Plaintiff to permit the repossession. *Id.* ¶ 14. When pressed to explain why Plaintiff repossessed the vehicle, Plaintiff cited the late-August verbal disagreement. *Id.* ¶ 15.

## II.  STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville, Md.*, 891 F.3d 141, 145 (4th Cir. 2018). To overcome a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)). The mere recitation of "elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v.*

*McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Nor must the Court accept unsupported legal allegations. *Revene v. Charles Cnty. Commis.*, 882 F.2d 870, 873 (4th Cir. 1989). A plausibility determination is a "context-specific inquiry" that relies on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679-80.

## III. DISCUSSION

Plaintiff alleges that the repossession of the dump truck violated Section 9-609(b) of the Maryland Commercial Code because it constituted a "breach of the peace," and thus breached the contract between the parties and constituted conversion. Plaintiff also seeks punitive damages.

Maryland law permits a secured party to take possession of collateral property "[w]ithout judicial process, if it proceeds without breach of the peace." Md. Code Ann. Com. Law § 9-609(b)(2). The statute does not define a "breach of the peace," and no Maryland court has taken the opportunity to expand upon its meaning. This repossession statute is, however, adopted in whole from the Uniform Commercial Code, U.C.C. § 9-609, and thus has been interpreted by myriad state and federal courts across the country. The Court may thus "look to decisions from sister states for guidance." *Cooper v. Fulton Bank, N.A.*, No. CCB-16-4138, 2017 WL 5478318, at *4 (D. Md. 2017).

Generally, "[t]he debtor's opposition, however slight and even if merely oral, normally makes any entry or seizure a breach of the peace." *See* James J. White, Robert S. Summers & Robert A. Hillman, Uniform Commercial Code Vol. 4, 585 (6th ed. 2015) (collecting cases). Indeed, the weight of state court authority holds that a repossession despite "unequivocal oral protest of the defaulting debtor" constitutes a breach of the peace. *Fulton v. Anchor Sav. Bank, FSB*, 215 Ga. App. 456, 461 (Ga. Ct. App. 1994); *see also Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 806-11 (Wis. Ct. App. 1993) (collecting cases holding that a creditor's

3

repossession in disregard of a debtor's unequivocal oral protest constitutes breach of the peace); *First and Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) (because a breach of the peace also includes acts likely to induce violence, repossession in the face of the debtor's objection constitutes a breach of the peace); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f the repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *Dixon v. Ford Motor Credit Co.*, 391 N.E.2d 493, 497 (Ill. App. Ct. 1979) ("When a creditor repossess in disregard of the debtor's unequivocal oral protest, the repossession may be found to be in breach of the peace."); *Morrison v. Galyon Motor Co.*, 64 S.W.2d 851, 853 (Tenn. Ct. App. 1932) (noting that had the creditor's agent attempted to take possession of the truck against the borrower's consent, the action would have provoked a breach of the peace); *Wilson v. Kuykendall*, 73 So. 344, 344 (Miss. 1917) (a party may not "take from the possession of the other party by force or against the will of the party in possession any property, even though he may have title thereto"). As the *Hollibush* court concluded, "[t]he underlying theory of the UCC cases is that a verbal objection to a repossession is the precursor to violence, and that it should not be necessary for a debtor to resort to violence to provide the breach of the peace necessary to defeat a self-help repossession." 179 Wis. 2d 799, 811 (Wis. 1993).

Defendant cites *Chrysler Credit Corporation v. Koontz*, 661 N.E.2d 1171, 1173-74 (Ill. App. Ct. 1996) for the proposition that mere oral disagreement is insufficient to establish a breach of the peace. Putting aside that the *Chrysler* court was reviewing the trial court's determination that no breach occurred under a lenient "abuse of discretion" standard, this Court disagrees with its conclusion that "to rule otherwise would invite the ridiculous situation

whereby a debtor could avoid a deficiency judgment by merely" objecting orally. *Id*. at 1174. First, a creditor always has the option of repossession pursuant to the judicial process under § 9-609(b)(1). Second, the Court finds no problem limiting self-help repossessions to those where the debtor is absent, or consents, or even merely acquiesces to the repossession. The driving force behind the "breach of the peace" standard is to avoid precursors to violence—such as open disagreement—that often escalate into actual violence. *Hollibush*, 179 Wis. 2d at 811.[3]

Plaintiff alleges that he "objected loudly" to the repossession and claimed that Defendant "did not have the right" to repossess the truck. ECF No. 1-2 ¶ 12. Plaintiff further alleges that this disagreement "intensified" to the point that the police were called. *Id*. ¶ 13. Therefore, Plaintiff plausibly alleges that Defendant violated § 9-609(b).[4]

Turning to Plaintiff's breach of contract and conversion claims, Defendant argues only that these claims should be dismissed because the repossession did not breach the peace, and thus did not violate the terms of the contract or constitute an illegal repossession of the vehicle. Having found that Plaintiff has stated a claim for a violation of § 9-609(b), the Court will not dismiss Plaintiff's breach of contract or conversion claims at this time.

Finally, Plaintiff lists "punitive damages" as Count IV of the Complaint. "There is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded. This is true both as a matter of federal law ... and state law." *Biggs v. Eaglewood Mortgage, LLC*, 582 F.Supp.2d 707, 711 n. 5 (D.Md. 2008) (internal citations omitted). Plaintiff's punitive damages claim therefore cannot stand independently. The

---

[3] Plaintiff also cites to *Cooper* for the same proposition, but in *Cooper* the court was faced with a dramatically different factual situation in which the debtor held the repossessors at gunpoint, believing them to be car thieves, until the police arrived. At no point did the debtor contest the validity of the repossession, and the creditors had done nothing to incite the debtor to potential violence beyond merely attempt to repossess the vehicle.
[4] Defendant also suggests that Plaintiff may not have a private right of action for an allegation of breach of the peace. The UCC comment suggests otherwise, pointing to § 9-625(b) as the appropriate remedy for a failure to avoid a breach of peace. *See* U.C.C. § 9-609 cmt. 3.

Court will thus dismiss the freestanding punitive damages claim, but if Plaintiff can later establish evidence sufficient to warrant punitive damages, Plaintiff may seek such damages in its prayer for relief.

**IV. CONCLUSION**

Defendants' Motion to Dismiss, ECF No. 4, is denied. A separate Order shall issue.

Dated: August 20, 2019 /s/_____
GEORGE J. HAZEL
United States District Judge