October 7, 2020

RE: *Noel, et al. v. PACCAR Financial Corp., et al.; 8-18-cv-03936-GLS*

### **CASE ANALYSIS PURSUANT TO PAPERLESS ORDER, ECF NO. 48**

This is an analysis of the discussion of Federal Rule of Civil Procedure (FRCP) 16(b)(4) in *Hunt Valley Baptist Church, Inc. v. Baltimore County*, Civil Action No. ELH-17-804 (D. Md. July 17, 2019), with regard to the recent letter submitted to this Court describing the planned motion of Plaintiffs Derick J. Noel and Hilary L. Findley (collectively, the "Plaintiffs") to amend their complaint to join Last Lap Recovery, LLC ("Last Lap") as a co-defendant (ECF 47).

In *Hunt Valley*, the defendant County moved to amend its answer over a year after the deadlines for amending pleadings, alleging that additional facts learned during discovery necessitated amendments to the answer. *Hunt Valley* at 2. The Court determined that FRCP 16(b)(4) was applicable because the County sought to amend its pleading after the expiration of a deadline in the scheduling order, and that the County had to satisfy the good cause standard of FRCP 16(b)(4) before satisfying the more liberal standard for amendments in FRCP 15(a). *Hunt Valley* at 3, citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

FRCP 16(b)(4) states that "A schedule may be modified only for good cause and with the judge's consent." To carry its burden of demonstrating good cause, the moving party must "show that the deadlines cannot reasonably be met despite the party's diligence." *Hunt Valley* at 3, citing *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012). The *Hunt Valley* Court found *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618 (D. Md. 2003) and *Humane Society of the United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* DKC-13-1822, 2016 WL 3668028 (D. Md. July 11, 2016) as instructive for this inquiry. In *Odyssey*, the Court denied the plaintiff's request for leave to amend, when the reason for such delay had been plaintiff's counsel "overlook[ing]" the schedule. The *Odyssey* Court found the plaintiff's tardiness "particularly egregious" because "[the plaintiff] was put on notice as early as January 2002 that [the defendant] would assert that [another entity] was the proper defendant in the case." *Hunt Valley* at 5, citing *Odyssey*. In *Humane Society*, the Court denied plaintiffs' request for leave to amend to add two additional defendants because "the facts underlying the plaintiffs' motion to amend were long known to plaintiffs, and yet the plaintiffs sought leave to amend approximately two months after the deadline to do so." *Hunt Valley* at 5, citing *Humane Society*.

The *Hunt Valley* Court ultimately rejected the defendant County's request for leave to amend with respect to most of the proposed amendments, based upon the County's failure to identify the alleged new evidence underpinning the request, the fact that the County requested the amendments after the conclusion of discovery, and the Court's determination that the proposed amendments would be unduly prejudicial to the plaintiff because the new allegations would require additional discovery. *Hunt Valley* at 6-7.

### **APPLICATION TO THIS CASE**

In the present case, Plaintiffs seek to amend their complaint after the deadline for joinder

of additional parties, and therefore must meet the good cause standard of FRCP 16(b)(4) before the more liberal standard for amendments in FRCP 15(a) are applied.

This case is distinguishable from both *Odyssey* and *Humane Society*. The delay here is not due to lack of diligence, because Plaintiffs were not put on notice about the existence of a second subcontracted party at any point prior to Plaintiffs' receipt of Defendant B&W's *Answers to Interrogatories and Responses to Requests for Production of Documents to Plaintiffs* dated August 20, 2020. The existence of Last Lap and its primary role in the repossession was a fact unknown to Plaintiffs but certainly known by Defendant B&W and presumably known by Defendant PACCAR (pursuant to a contract between the companies). Plaintiffs' request is therefore not based on long known facts like the requests in *Odyssey* and *Humane Society*; instead, it is based upon newly discovered facts that were not available to Plaintiffs until the Defendants provided their discovery responses. It should be noted that these received responses were provided in response to discovery that Plaintiffs propounded on March 2nd of this year.

This case is also distinguishable from *Hunt Valley*. Here, unlike in *Hunt Valley*, Plaintiffs' request identified the new evidence underpinning the requested amendment, and discovery has not ended. Further, the requested amendment would not be unduly prejudicial to Defendants B&W and PACCAR as the proposed complaint is limited to the same events as the original complaint and Defendants were already aware of the existence of Last Lap as the actual repossessing agent. The amended complaint would not be unduly prejudicial to Last Lap for the reasons set forth in Plaintiffs' prior letter requesting leave to amend. Plaintiffs therefore satisfy the good cause standard of FRCP 16(b)(4).

> Respectfully,
> /s/ Stacy R. Pace
> Stacy R. Pace, No. 17460
> PACE Group PLLC
> 1629 K Street, NW, Ste. 300
> Washington, DC 20006
> Phone: 202-248-6866 | Fax: 202-280-1395
> Email: Stacy@PACEGroupPLLC.com
> *Counsel for the Plaintiffs*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on October 7, 2020 a copy of the foregoing motion was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF system by the parties.

                                                  **/s/ Stacy R. Pace**