

**The B&O Building**
**2 N. Charles Street, Suite 600**
**Baltimore, MD 21201**
**410.752.8700**
**410.752.6868 Fax**
**www.fandpnet.com**

**JAMES K. HETZEL, ESQ.**
**Direct 410.230.2675**
**jhetzel@fandpnet.com**

**Admitted in MD**

January 15, 2021

**VIA ECF**

The Honorable Gina L. Simms
United States Magistrate Judge
The United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    **RE:**    **Case Name:**  Noel, Derrick, *et. al*. v. Bell & Williams Associates, Inc., *et al*
           **Case No.:**    8:18-cv-03936-GLS

Dear Judge Simms:

    Pursuant to your November 19, 2019 Letter Order regarding the filing of substantive motions (ECF 19), please allow this correspondence to serve as a Bell & Williams Associates, Inc.'s ("B&W") second pre-motion submission regarding a proposed Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted given the filing of the Third Amended Complaint (ECF 68). On November 17, 2020, B&W submitted a pre-motion submission requesting permission to submit a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, or in the Alternative for a More Definite Statement to which co-Defendant Last Lap, LLC ("Last Lap") joined. *See* ECF 58 and 62. In response, counsel for Plaintiffs Derrick Noel and Hillary Findley ("Plaintiffs") agreed to submit an Amended Complaint. *See* ECF 66. The Court, construing that correspondence as a request to submit a Third Amended Complaint, directed Plaintiffs to submit a Third Amended Complaint on or before January 4, 2021. *See* ECF 67. Plaintiffs' submitted a Third Amended Complaint ("TAC") on January 4, 2021, however, that pleading has failed to remedy any of the concerns raised in the November 17, 2020 correspondence such that B&W must again request permission from this Court to submit a Motion to Dismiss.

## **Applicable Legal Standard**

    *a. Failure to State a Claim*

    Generally, "a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan*

*Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (emphasis in the original) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that defendant has acted unlawfully.'" *Id*. "It requires the plaintiff articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of entitlement to relief.'" *Id.*

## Facts in Support of Proposed Motion

a. Failure to State a Claim

Plaintiffs still fail to state a claim for three principal reasons. In the Second Amended Complaint, the Plaintiffs improperly grouped the three named Defendants together for purposes of both the facts alleged and causes of action such that no specific allegations against B&W were made in the Second Amended Complaint. Plaintiffs' TAC still suffers from this deficiency. The lone attempt to rectify these issues is Plaintiff stating that Count II alleging Breach of Contract is brought against PACCAR Financial Corp ("PACCAR") only. Moreover, there were no alterations to the "FACTS" section of the complaint. Indeed, the lone factual averment contained in the TAC specific to B&W is that it subcontracted with Last Lap, which purportedly leads to the conclusion that B&W breached the peace under Count I. As to Count III, there is no distinction as to how any Defendant exercised wrongful dominion over Plaintiffs' property. Second, the TAC still fails to meet the pleading requirements outlined above insofar as it fails to plead the necessary elements giving rise to the three causes of action pled, specifically as to Count I. Finally, Plaintiffs have failed to plead the necessary facts to satisfy each element of each cause of action as to B&W, largely due to the fact that Plaintiffs fail to separate out causes of action and/or averments as to the three named Defendants as stated above.

In the November 17, 2020 correspondence, B&W included with its request an alternative request that Plaintiffs submit a more definite statement. Plaintiffs have been provided that opportunity but have still fallen woefully short of the pleading requirements. Therefore, dismissal of the Plaintiffs' Complaint is warranted and appropriate. Although they are not signatories to this correspondence, undersigned counsel has discussed with counsel for PACCAR and Last Lap who have both signaled their intent to join in the foregoing correspondence.

Please do not hesitate to contact us directly with any questions, concerns or instructions regarding the above.

           Respectfully Submitted,

           /s/
           David A. Skomba, Esq., (Bar ID No.: 23664)
           James K. Hetzel, Esq., (Bar ID No.: 20158)
           Franklin & Prokopik, P.C.
           2 North Charles Street, Suite 600
           Baltimore, MD 21201
           Ph: (410) 752-8700
           Fx: (410) 752-6868
           *Attorneys for Defendants*, *Bell & Williams Associates, Inc.*

cc:  Stacy Pace
   Scott Thomas
   Les Machado and Patrick Callahan