IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| DAVID J. NOEL, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Case No. GLS-18-3936 |
| | ) | |
| PACCAR FINANCIAL CORP., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before this Court are the following motions: (1) a motion to dismiss Plaintiffs'

Third Amended Complaint by Defendant Bell and Williams Associates, Inc. ("B&W"), (ECF No.

77), a motion to dismiss Plaintiffs' Third Amended Complaint by Defendant PACCAR Financial

Corporation ("PACCAR"), (ECF No. 78), and a motion to dismiss Plaintiffs' Third Amended

Complaint by Last Lap Recovery, LLC ("Last Lap") (ECF No. 79).  The issues have been fully

briefed.  (ECF Nos. 81, 82, 83, 84, 85, 86).  For the reasons set forth below, B&W's motion to

dismiss Plaintiffs' Third Amended Complaint is **DENIED**, PACCAR's motion to dismiss

Plaintiffs' Third Amended Complaint is **DENIED**, and Last Lap's motion to dismiss Plaintiffs'

Third Amended Complaint is **DENIED**.

I.    **BACKGROUND**

Plaintiffs[1] Derrick J. Noel and Hillary L. Findley ("Plaintiffs") filed this action in the

Circuit Court of Maryland for Prince George's County against PACCAR Financial Corporation

---

[1] Plaintiffs originally filed suit as Darren Trucking Company.  However, upon agreement of the parties that
Darren Trucking Company is a trade name, and not an entity with the capacity to sue, the Honorable George
J. Hazel instructed the Clerk to substitute Derick J. Noel and Hilary L. Findley as the proper Plaintiffs in
this case.  (ECF No. 8, p. 1 n. 1).

alleging a breach of the peace pursuant to Maryland Commercial Code § 9-609(b), breach of contract, conversion, and punitive damages, all in relation to a dispute over a repossessed dump truck. (ECF Nos. 1, 1-2). PACCAR timely removed the matter to this federal court, (ECF No. 1), and filed a Motion to Dismiss, (ECF No. 4). The Honorable George J. Hazel denied PACCAR's Motion to Dismiss on August 20, 2019.[2] (ECF Nos. 8, 9; *Darren Trucking Co. v. Paccar Fin. Corp.*, Civ. No. GJH-18-3936, 2019 WL 3945103, at *2-3 (D. Md. Aug. 20, 2019)).

On October 30, 2019, this matter was referred to the undersigned for all further proceedings. (ECF No. 14). On January 6, 2020, Plaintiffs filed a "Letter Regarding Planned Motion to Amend Pleadings." (ECF No. 25). This Court construed Plaintiffs' letter as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a)(2) and granted the same. (ECF No. 28). On February 14, 2020, Plaintiffs filed their First Amended Complaint adding Bell & Williams Associates, Inc., ("B&W") as a named defendant. (ECF No. 30). On February 27, 2020, in response to Plaintiffs' First Amended Complaint, PACCAR filed its "Answer to Amended Complaint and Counterclaim" ("PACCAR's Counterclaim"). (ECF No. 33). On that same day, PACCAR also filed a crossclaim against B&W ("PACCAR's Crossclaim"). (ECF No. 34).[3]

---

[2] At issue in Paccar's motion to dismiss was whether the repossession of the dump truck resulted in a breach of the peace, thereby violating Section 9-609(b) of the Maryland Commercial Code. (ECF No. 8, p. 3). PACCAR argued that Plaintiffs failed to plead a claim for breach of the peace as a matter of law because Plaintiffs alleged no more than a mere disagreement with the repossessor. Judge Hazel determined that Plaintiffs had plausibly alleged a violation of § 9-609(b) because: (1) Plaintiff Noel alleged that he objected loudly to the repossession of the vehicle; and (2) Plaintiff Noel's dispute with the individual repossessing the vehicle "intensified" to the point that the police were called. (ECF No. 8, p. 5). Judge Hazel also declined to dismiss Plaintiffs' breach of contract and conversion claims, in light of his finding that Plaintiffs plausibly stated a claim for a violation of § 9-609(b). (ECF No. 8, p. 5). However, Judge Hazel dismissed Plaintiffs' freestanding punitive damages claim—explaining that this claim could not stand independently—but noted that Plaintiffs could seek such damages in their prayer for relief if Plaintiffs established sufficient evidence to warrant punitive damages. (ECF No. 8, pp. 5-6).

[3] In its Crossclaim against B&W, PACCAR alleges that on "October 10, 2014, B&W and PACCAR entered into a Collateral and Leased Asset Repossession Agreement" ("the Repossession Agreement"). (ECF No. 34, p. 1; ECF No. 34-1, pp. 2-4). Pursuant to the Repossession Agreement, PACCAR retained B&W's services to: "(1) collect outstanding balances, (2) locate the account debtor or person in possession of the

On March 17, 2020, B&W filed its Answer to Plaintiffs' First Amended Complaint, (ECF No. 35), and its Answer to PACCAR's Crossclaim, (ECF No. 36).[4]  Plaintiffs filed their Answer to PACCAR's Counterclaim on March 19, 2020.  (ECF No. 38).

On September 25, 2020, Plaintiffs filed a second "Letter Regarding Planned Motion to Amend Pleadings" and a supplemental letter analyzing Federal Rule of Civil Procedure 16(b)(4). (ECF Nos. 47, 49).   In that Letter, Plaintiffs sought permission to file a Second Amended Complaint after receiving B&W's answers to interrogatories, in which B&W stated, "Other than the Plaintiffs, the drivers of the tow truck, Eric George and Denny Ramirez of Last Lap Recovery, LLC will have personal knowledge regarding the facts and circumstances surrounding the events giving rise to Plaintiffs' Complaint." (ECF No. 47, p. 1). This Court construed Plaintiffs' September 25, 2020 letter as a second motion to amend the complaint and granted the same.  (ECF No. 50).

---

vehicle or equipment, and/or (3) repossess the vehicle or equipment."  (ECF No. 34-1, pp. 2-4).  The Repossession Agreement required B&W to comply with all applicable federal, state, and local laws and regulations "in locating the vehicle . . . and in effecting collection and repossession."  (*Id.*, p. 2).  It also required that B&W indemnify PACCAR against any "claims arising from B&W's breach of [the] agreement," or "any violation of Federal, State, or local law by B&W or any third party hired or retained by B&W."  (*Id.*, p. 2).

Also attached as an exhibit to PACCAR's Crossclaim is a letter. On December 11, 2019, PACCAR sent B&W a letter ("the Indemnification Letter") in which PACCAR sought to invoke the indemnification provision in the Repossession Agreement.  (ECF No. 34-2, pp. 2-3).   In the Indemnification Letter, PACCAR notified B&W of its understanding that "B&W performed the repossession at issue in this case" as evidenced by: (1) an invoice from B&W to PACCAR for the repossession; and (2) an invoice from Last Lap to B&W for an "involuntary repossession fee" and the delivery of the vehicle to the Peterbilt store. (ECF No. 34-2, pp. 2-3,17, "Invoice for Repossession from B&W to PACCAR"; ECF No. 34-2, p. 18, "Invoice from Last Lap to B&W for Involuntary Repossession Fee and Delivery of Vehicle").  Also attached to PACCAR's Crossclaim are these two invoices and a copy of the Repossession Agreement between PACCAR and B&W.  (ECF No. 34-1, pp. 2-4; 34-2, pp. 11-13).

[4] In its Answer to PACCAR's Crossclaim, B&W admits that it "received the December 11, 2019, correspondence [related to the repossession] . . . the text of which speaks for itself". (*See* ECF No. 36, ¶ 7).

Plaintiffs filed their Second Amended Complaint on October 30, 2020, adding Last Lap Recovery, LLC, ("Last Lap") as a named defendant.  (ECF No. 51).  PACCAR filed its amended answer on November 12, 2020.  (ECF No. 55).  On November 17, 2020, B&W filed a pre-motion submission notifying the Court of its intent to file a motion to dismiss or a motion for a more definite statement.  (ECF No. 58).  Shortly thereafter, on November 24, 2020, Last Lap filed a pre-motion submission notifying the Court of its intent to join B&W's proposed motion.  (ECF No. 62).  On December 4, 2020, Plaintiffs filed a pre-motion submission in response to B&W's and Last Lap's filings.  (ECF No. 66).  This Court partially construed Plaintiffs' response as a request to file a third amended complaint and granted the same.  (ECF No. 67).

On January 4, 2021, Plaintiffs filed their Third Amended Complaint against all three Defendants.  (ECF No. 68).  Plaintiffs allege the following counts in the Third Amended Complaint: Count I, violation of UCC Article 9, against all Defendants; Count II, breach of contract, against PACCAR; and Count III, conversion, against all Defendants.  (*See* ECF No. 68, ¶¶ 17-22). On January 15, 2021, B&W filed another pre-motion submission notifying the Court of its intent to file a motion to dismiss the Third Amended Complaint.  (ECF No. 70).  That same day, PACCAR also filed a pre-motion submission notifying the Court of its intent to join B&W's proposed motion.  (ECF No. 71).  On January 18, 2021, Last Lap filed its second pre-motion submission notifying the Court of its intent to join B&W's proposed motion to dismiss the Third Amended Complaint.  (ECF No. 72).

On February 10, 2021, the parties filed a Joint Status Report notifying the Court that discovery had yet to be completed.  (ECF No. 75, p. 1).  Of note, the JSR reflects that PACCAR and B&W had responded to discovery requests from the Plaintiffs.  (ECF No. 75, pp. 1-2).  In addition, the JSR reflects that Last Lap declined to respond to the discovery propounded by

Plaintiffs, asserting that it need not respond to Plaintiffs' discovery requests "until the viability of the Third Amended Complaint is [d]etermined."  (ECF No. 75, p. 2).

All three Defendants filed motions to dismiss the Third Amended Complaint on March 1, 2021.  (ECF Nos. 77, 78, 79).

## II.      ALLEGATIONS IN THE THIRD AMENDED COMPLAINT[5]

Plaintiffs' Third Amended Complaint alleges that on July 27, 2017, Plaintiffs contracted with PACCAR to purchase a dump truck.  (ECF No. 68, ¶ 4).  Plaintiffs made a down payment of $20,500 and made consistent payments on the balance of $184,601.34.  (*Id.*, ¶¶ 5-6).  In late August 2018, Plaintiffs and one of PACCAR's representatives became involved in a dispute regarding Plaintiffs' payments.  (*Id.*, ¶ 7).  On Tuesday, September 25, 2018, one of PACCAR's representatives called Plaintiffs to inquire about their next payment.  (*Id.*, ¶ 8).  The following day, Plaintiffs returned the call and informed PACCAR that payment was forthcoming.  (*Id.*, ¶ 9).  One of PACCAR's representatives agreed to Plaintiffs terms as long as payment was received by that upcoming Friday.  (*Id.*).

The following day, at approximately 9:30 p.m. on September 27, 2018, an individual in a tow truck arrived at Plaintiff Noel's personal residence and informed Noel that he was there to repossess the dump truck due to Plaintiffs' non-payment.  (*Id.*, ¶ 10).  The dump truck was "parked alongside [Noel's] residence and behind a gate."  (*Id.*, ¶ 11).  Noel, "objected loudly" to the repossession and the disagreement between Noel and the individual intensified until the police were called.  (*Id.*, ¶ 12-13).  Upon arrival, the police ordered Noel to permit the repossession.  (*Id.*,

---

[5] For the purpose of evaluating Defendants' motions to dismiss, this Court accepts the well-pleaded allegations in Plaintiffs' Third Amended Complaint as true.  *See Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019) ("In reviewing a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and must draw all reasonable inferences from those facts in favor of the plaintiff.").

¶ 14).  The following day, when Plaintiffs pressed PACCAR to explain why the repossession

occurred, PACCAR cited the earlier disagreement with Plaintiffs.  (*Id.* ¶ 15).  On October 16,

2018, PACCAR sold the dump truck in a private sale.  (*Id.*, ¶ 16).

Count I of the Third Amended Complaint alleges that "because the repossession clearly

breached the peace, and because PACCAR contracted with B&W and Bell & Williams

subcontracted with Last Lap to execute such repossession, the Defendants jointly violated

[Maryland Commercial Code § 9-609(b)] and are therefore jointly and severally liable to

Plaintiff[s] for such violation."  (*Id.*, ¶ 18).

Count II alleges that "PACCAR's actions, in repossessing the vehicle, materially breached

the valid contract between Plaintiffs and PACCAR and caused injury to Plaintiffs as a result."  (*Id.*,

¶ 20).

Count III alleges that "Defendants, in repossessing the subject vehicle, exercised wrongful

dominion over the Plaintiffs' personal property in denial of Plaintiffs' rights to said property, and

are therefore jointly and severally liable to Plaintiffs for conversion."  (*Id.*, ¶ 22).

## III.    STANDARD OF REVIEW

### a.  *Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Civil Procedure 8(a)(2)*

A defendant who files a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is arguing

that even if all of the facts alleged by the plaintiff are accepted as true, the plaintiff's complaint

still fails, as a matter of law, "to state a claim upon which relief can be granted."  *Baltimore Scrap*

*Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 584 (D. Md. 2019).  Thus, when

evaluating a Rule 12(b)(6) motion to dismiss, "a court must accept as true all of the factual

allegations contained in the complaint and must draw all reasonable inferences from these facts in

favor of the plaintiff." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2011) (alteration in original) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain facts sufficient to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

Federal Rule of Civil Procedure 8 establishes the "baseline standard to which all complaints must adhere." *Plumhoff v. Cent. Mortg. Co.*, 286 F. Supp. 3d 699, 701 (D. Md. 2017). Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The purpose of the rule is to provide the defendants with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Baltimore Scrap*, 388 F. Supp. 3d at 583 (citing *Twombly*, 550 at 555-56).

In evaluating whether a complaint fails to comply with the dictates of Rule 8, and is subject to dismissal under Rule 12(b)(6), courts consider several factors, including: "the length and complexity of the complaint; whether the complaint was clear enough to enable the defendant to know how to defend himself; and whether the plaintiff was represented by counsel." *Sewarz v. Long*, 407 F. App'x 718, 719 (4th Cir. 2011) (citations omitted). "A plaintiff need not include 'detailed factual allegations' in order to satisfy Rule 8(a)(2)," *Lewis-Davis v. Baltimore Cnty. Public Schools Infants & Toddlers Program*, Civ. No. ELH-20-0423, 2021 WL 1720235, at *6 (D. Md. Apr. 30, 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Nor does the rule require "dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## IV.    Analysis

### a.    Breach of the Peace - Maryland Commercial Law § 9-609(b)

Under Maryland law, a secured party is permitted to take possession of collateral property "[w]ithout judicial process, if it proceeds without breach of the peace."  Md. Code Ann. Com. Law § 9-609(b)(2).  Although the statute does not define "breach of the peace," and, in this Court's view, no Maryland state court has expounded upon its meaning, Judge Hazel analyzed what constitutes a breach of the peace in the memorandum opinion he issued resolving PACCAR's December 28, 2018 Motion to Dismiss.  (ECF No. 8).

In that opinion, Judge Hazel denied PACCAR's motion to dismiss Plaintiffs' original complaint and rejected PACCAR's argument that mere oral disagreement is insufficient to establish a breach of the peace.  Rather, Judge Hazel held that under § 9-609(b), self-help repossessions are limited to repossessions where "the debtor is absent, or consents, or even merely acquiesces to the repossession."  *Id.* at *3.  Turning to the facts as alleged in Plaintiff's original complaint, Judge Hazel found that Plaintiffs plausibly alleged a violation of § 9-609(b), where Plaintiff Noel "objected loudly" to the repossession, "claimed that Defendant did not have the right to repossess the truck," and Plaintiff Noel's disagreement with the repossessor intensified to the point that the police were called to intervene.  *Id.*

### i.   Law of the Case

B&W contends that Plaintiffs' breach of the peace claim under § 9-609(b) fails as a matter of law because it lacks any allegations of use of force, or any threats of force, by the individual effectuating the repossession.  (ECF No. 77-1, p. 6).  In response, Plaintiff appears to invoke the

law of the case doctrine, and asserts that B&W's argument is precluded by Judge Hazel's prior

ruling in this matter that Plaintiff plausibly alleged a violation § 9-609(b).  (ECF No. 82-1, p. 8).

B&W counters that Judge Hazel's opinion does not control here because the filing of the Third

Amended Complaint renders any prior complaints "effectively a nullity."  (ECF No. 84, p. 8).

"The law-of-the-case doctrine generally provides that when a court decides upon a rule of

law, that decision should continue to govern the same issues in subsequent stages in the same

case." *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016) (citations omitted).  Under this

doctrine "a legal decision, once made, should ordinarily remain the law throughout the life of the

case." *Chase v. Dep't of Pub. Safety and Corr. Servs.*, Civ. No. ELH-18-182, 2020 WL 1914811,

at *10 (D. Md. Apr. 20, 2020).  The doctrine "bar[s] a party from resurrecting issues that were

previously decided or decided by necessary implication." *Id.* at *11 (citations omitted).

When a trial court applies the law-of-the-case doctrine to its own rulings, the doctrine

operates not as an "inexorable command" but rather as a "flexible tool of judicial administration,"

*id.* at 13, that permits a court to balance the competing "'interests of correctness and finality,'" *id.*

at 10 (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)).

As an initial matter, this Court does not believe that the Fourth Circuit has addressed the

applicability of the law-of-the-case doctrine to a motion to dismiss an amended complaint. *See*

*Chase*, 2020 WL 1914811, at *12 (noting the same).  Although some courts have held that an

amended complaint is subject to the law of the case doctrine where it does not contain any new

claims or factual allegations, *see Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015)

(collecting cases), this Court finds persuasive the approach adopted in *Chase v. Department of*

*Public Safety and Correctional Services*.  In that case, another court in this District held that under

the law-of-the-case doctrine, the existence of a prior ruling does not foreclose the consideration of

a motion to dismiss an amended complaint.  *Chase*, 2020 WL 1914811, at *12-13 (citing *Askins v. United States Dep't of Homeland Sec.*, 899 F.3d 1035 (9th Cir. 2018) (holding that an "amended complaint is a new complaint, entitling the plaintiff to judgment on the complaint's own merits")).

Thus, while the "reasoning of a court's earlier ruling may apply with equal force to an amended complaint," the existence of a prior ruling alone does not compel dismissal of an amended complaint.  *Chase*, 2020 WL 1914811, at *13.  The *Chase* court declined to apply the doctrine to bar the filing of a motion dismiss an amended complaint where: (1) the complaint and amended complaint were subject to different pleading standards, because the plaintiff was *pro se* when the initial complaint was filed; and (2) the amended complaint added "clarifying details and new factual allegations."  *Chase*, 2020 WL 1914811, at *13.

This Court finds that Judge Hazel's opinion applies with equal force to the Third Amended Complaint as it did to Plaintiff's initial complaint.  Unlike the pleadings at issue in *Chase*, Plaintiffs' Third Amended Complaint is subject to the same pleading standards as the Second Amended Complaint, as Plaintiffs have been represented by counsel since the outset of this litigation.  In addition, the factual allegations in the Third Amended Complaint that describe the repossession have largely remained the same as those in Plaintiffs' earlier pleadings.  Therefore, Judge Hazel's holding remains "law of the case."

Alternatively, even assuming that the law-of-the-case doctrine does not apply, this Court finds persuasive Judge Hazel's rationale that Plaintiffs' allegations—specifically, that Plaintiff Noel "objected loudly" to the repossession, claimed the repossessor "did not have the right to repossess" the vehicle, and that the disagreement intensified to the point where the police were called—are sufficient to assert a plausible violation of § 9-609(b).  (ECF No. 8, p. 5). Accordingly, the Court will not dismiss Plaintiffs' breach of the peace claim.

ii. *Arguments of Insufficient Specificity*

In the alternative, B&W argues that Count I should be dismissed because the Third Amended Complaint lacks any specific allegations that an employee or agent of B&W effectuated the repossession.  (ECF No. 77-1, p. 6).  Last Lap and PACCAR argue that Count I should be dismissed because the Third Amended Complaint lacks any specific allegations regarding their respective roles in the repossession.  (ECF No. 79-1, p. 5; ECF No. 78-1, p. 10).  PACCAR also avers that Count I should be dismissed because the Third Amended Complaint lacks any well pleaded facts as to "why and how PACCAR's contractual relationship with B&W would render PACCAR jointly and severally liable to Plaintiffs" for a breach of the peace by a third-party.  (ECF No. 78-1, p. 10).

Although in-artfully pleaded, this Court finds that Count I of the Third Amended Complaint includes sufficient detail to state a cognizable cause of action under § 9-609(b) against B&W, PACCAR, and Last Lap.  Paragraph 18 of the Third Amended Complaint asserts that "because the repossession clearly breached the peace, and because PACCAR contracted with B&W and Bell & Williams subcontracted with Last Lap to execute such repossession, the Defendants jointly violated § 9-609(b) and are therefore jointly and severally liable to Plaintiff for such violation."  (ECF No. 68, ¶ 18).  Plaintiffs' statements, while imperfect, are sufficient to put all three Defendants on fair notice of Plaintiffs' claims against them and grounds for relief.  *See Twombly*, 550 U.S. at 555-56.

Beginning with PACCAR, the Third Amended Complaint clearly sets forth PACCAR's role in the repossession, including PACCAR's contract with B&W to repossess the vehicle from Plaintiffs.  (ECF No. 69, ¶¶ 10-18).  In addition, this Court does not find persuasive PACCAR's argument that it cannot be jointly and severally liable for a third-party contractor's breach of the

peace.   The official comments to Uniform Commercial Code § 9-609(b) explain that when

evaluating whether a secured party has breached the peace, a court should "hold the secured party

responsible for the actions of others, including *independent contractors* engaged by the secured

party to take possession of collateral."[6]  Md. Code Ann. Com. Law § 9-609, U.C.C. Comment 3

(emphasis added).  Therefore, taking the allegations in Plaintiffs' pleading as true, this Court finds

that the Third Amended Complaint satisfies the minimal pleading requirements of Rule 8(a)(2)

and plausibly alleges a violation of § 9-609(b) as to PACCAR.[7]   PACCAR's motion to dismiss

Count I is denied.

Turning to B&W's arguments, this Court finds that that the Third Amended Complaint

adequately alleges B&W's role in the repossession; specifically, that PACCAR contracted with

B&W to repossess the vehicle and that B&W entered into a contractual agreement with Last Lap

to execute the repossession.  (ECF No. 69, ¶ 18).  In this Court's view, these allegations sufficiently

allege that Last Lap, acting as an agent of B&W, executed the repossession.   However, even

assuming the opposite, if a secured party cannot escape liability for the actions of an independent

contractor, *see* Md. Code Ann. Com. Law § 9-609, U.C.C. Comment 3, the logical extension of

this principle is that an independent contractor, that sub-contracts a repossession to a third-party,

cannot escape liability for actions of that sub-contractor that result in the breach of the peace.

Therefore, taking the allegations in Plaintiffs' pleading as true, this Court finds that the Third

---

[6] Although the official comments to the Uniform Commercial Code "are not controlling authority and may not be used to vary the plain language of the statute," the Maryland Court of Appeals has established that "they are an excellent place to begin a search for the legislature's intent when it adopted the Code." *Thompkins v. Mortgage Lenders Network USA, Inc.*, 61 A.3d 829, 836 (Md. 2013) (quotations and citation omitted).

[7] In addition to finding that Plaintiffs' Third Amended Complaint does not run afoul of *Twombly,* and is consistent with *Johnson*, the Court finds further comfort in its ruling that PACCAR has received fair notice of its role, given its arguments and the procedural posture of this case. (See ECF Nos. 34, 34-2, 75).

Amended Complaint satisfies the minimal pleading requirements of Rule 8(a)(2) and plausibly

alleges a violation of § 9-609(b) as to B&W.[8]  B&W's motion to dismiss Count I is denied.

Finally, this Court finds that the Third Amended Complaint adequately sets forth Last

Lap's role in the repossession; specifically, that Last Lap entered into a contractual relationship

with B&W to execute the repossession.  (ECF No. 69, ¶ 18).  This allegation is sufficient to put

Last Lap on fair notice of its alleged role in the repossession, i.e., that Last Lap was contracted to

"execute [the] repossession" of the vehicle.  (ECF No. 69, ¶ 18).  Moreover, the federal pleading

rules do not countenance dismissal simply because a plaintiff has put forward an "imperfect

statement of the legal theory supporting the claim asserted."  *Johnson*, 574 U.S. at 11.  Thus, taking

the allegations in Plaintiffs' pleading as true, this Court finds that the Third Amended Complaint

satisfies the minimal pleading requirements of Rule 8(a)(2) and plausibly alleges a violation of §

9-609(b) as to Last Lap.[9]  Last Lap's motion to dismiss Count I is denied.

   b.  *Breach of Contract*

Turning to Count II of the Third Amended Complaint, PACCAR argues that Plaintiffs'

breach of contract claim should be dismissed because the Third Amended Complaint lacks any

allegations that PACCAR participated directly in the repossession of the vehicle.  (ECF No. 78-1,

p. 11-12).  Relatedly, PACCAR asserts that the Third Amended Complaint is devoid of facts from

which this Court could infer a breach of its contract with Plaintiffs by virtue of the conduct of a

third-party.  (ECF No. 78-1, p. 12).  In sum, the core of PACCAR's argument is that Count II fails

---

[8] In addition to finding that Plaintiffs' Third Amended Complaint does not run afoul of *Twombly,* and is consistent with *Johnson*, the Court finds further comfort in its ruling that B&W has received fair notice of its role, given its arguments and the procedural posture of this case.  (*See* ECF Nos. 36, 47, 75).

[9] In addition to finding that Plaintiffs' Third Amended Complaint does not run afoul of *Twombly*, and is consistent with the requirements set forth in *Johnson*, this Court finds further comfort in its ruling that Last Lap has received fair notice of its role, given its arguments and the procedural posture of this case.  (*See* ECF Nos. 47, 62, 72, 75).

to state a plausible claim of breach of contract against PACCAR.[10]   (ECF No. 78-1, p. 12).  This

Court does not find PACCAR's arguments persuasive.

Under   Maryland   law,   to   survive   a   motion   to   dismiss,   "a   complaint

for breach of contract must allege facts showing a contractual obligation owed by the defendant to

the plaintiff and a breach of that obligation." *Arashteh v. Mount Vernon Fire Ins. Co.*, Civ. No.

WDQ-13-2833, 2014 WL 3974172, at *4 (D. Md. Aug. 12, 2014) (citing *Swedish Civil Aviation*

*Admin. v. Project Mgmt. Enter., Inc.,* 190 F. Supp. 2d 785, 791 (D. Md. 2002)) (further citations

omitted).

Section 11(b) of PACCAR's retail installment contract with Plaintiffs sets forth the

remedies available to the seller in the event of a buyer's default.[11]   (ECF No. 85-1, p. 5).

Specifically, section 11(b) provides that if the buyer defaults under the contract, the "[s]eller may

enter any premises where the Collateral may be found and take possession of it without notice,

---

[10]   In its Reply motion, PACCAR asserts that it was fully justified in ordering the repossession of the vehicle because it is "undisputed" that Plaintiffs were in default under the terms of the retail installment agreement. (ECF No. 85, p. 3, 7).  This argument is not persuasive at the motion to dismiss stage.  Courts "generally do not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses through a Rule 12(b)(6) motion to dismiss." *Baltimore Scrap*, 388 F. Supp. 3d at 584.  Moreover, "Plaintiffs do not admit that they were in default at the time of the repossession." (ECF No. 81-1, p. 6).  Finally, the Court rejects this argument on the ground that PACCAR raised it for the first time in its reply brief.  *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered.").

[11]   The retail installment contract between PACCAR and Plaintiffs was not attached to Plaintiffs' Third Amended Complaint.  Generally, when evaluating a Rule 12(b)(6) motion, a court may not consider documents that are outside of the four corners of the complaint. *Baltimore Scrap*, 388 F. Supp. 3d at 584. However, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Baltimore Scrap*, 388 F. Supp. 3d at 585 (collecting cases).  A document is "integral" to a complaint where, "by its very existence, *and not the mere information it contains*, [it] gives rise to the legal rights asserted." *Baltimore Scrap*, 388 F. Supp. 3d at 585 (quotation marks and citations omitted) (emphasis in original).  Here, PACCAR attached the retail installment contract as an exhibit to its reply brief. (ECF No. 85-1, pp. 1-7).  This Court finds that the retail installment contract is integral to the Third Amended Complaint because it gives rise to the legal rights asserted by the Plaintiffs.  Therefore, the Court may consider it.

demand, or legal proceedings, provided such entry is in compliance with law." (ECF No. 85-1, p. 5).

Here, construing the allegations in the Third Amended Complaint in favor of Plaintiffs, the Third Amended Complaint clearly alleges that Plaintiffs contracted with PACCAR to finance the purchase of the vehicle, (ECF No. 68, ¶¶ 4-5), and this Court has already found that the allegations contained in the Third Amended Complaint adequately allege a breach of the peace under § 9-609(b), (*see supra* § IV.a). This Court further finds that the Third Amended Complaint sets forth sufficient factual detail to provide PACCAR with fair notice of its alleged involvement in the repossession. In addition, construing the allegations in Plaintiffs' pleading as true, this Court finds that the Third Amended Complaint clearly alleges that PACCAR contracted with B&W to execute the repossession, and sufficiently alleges a contractual obligation and a breach thereof.[12] (ECF No. 68. ¶ 18). Accordingly, PACCAR's motion to dismiss Count II is denied.

### c.  Conversion

Count III of the Third Amended Complaint alleges that all three Defendants, "in repossessing the subject vehicle, exercised wrongful dominion over the Plaintiffs' personal property in denial of Plaintiffs' rights to said property, and are therefore jointly and severally liable to Plaintiffs for conversion." (ECF No. 68, p. 4). All three Defendants argue that Count III should be dismissed because it fails to plausibly plead a claim for conversion. This Court finds that Third

---

[12] PACCAR further argues that Plaintiffs' breach of contract claim should be dismissed because the Third Amended Complaint fails to adequately set forth sufficient facts demonstrating PACCAR is contractually liable for the conduct of the third-party that executed the repossession. (ECF No. 78-1, p. 12; ECF No. 85, p. 7 (arguing that Plaintiffs have "failed to cite any legal authority for the proposition that liability may lie for breach of the peace where a secured creditor merely orders a repossession.")). This Court disagrees. As previously explained, when evaluating whether a secured party has breached the peace, a court should "hold the secured party responsible for the actions of others, including *independent contractors* engaged by the secured party to take possession of collateral." (*See supra* § IV.a.ii; Md. Code Ann. Com. Law § 9-609, U.C.C. Comment 3) (emphasis added).

Amended Complaint contains sufficient factual detail to set forth a claim for conversion that satisfies the dictates of Rule 8(a)(2) and *Iqbal* and *Twombly*.

Maryland law defines the physical act of conversion "as any distinct act of ownership or dominion exerted by one person over the personal property of another in denial of his right or inconsistent with it." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 841 A.2d 828, 835 (Md. 2004) (quotation marks and citations omitted). The "act of ownership for conversion can occur either by initially acquiring the property or by retaining it longer than the rightful possessor permits." *Id.* The Maryland Court of Appeals has explained that conversion:

> consists either in the appropriation of the property of another . . . in exercising dominion over it in defiance of the owner's rights, or in withholding the possession from him under an adverse claim of title, and all who aid, command, assist, or participate in the commission of such unlawful acts are liable.

*Merchants' Nat'l Bank v. Williams*, 72 A. 1114, 1117 (1909). Thus, "[a] purchaser of stolen goods or an auctioneer who sells them in the utmost good faith becomes a converter, since the auctioneer's acts are an interference with the control of the property." *Darcars Motors*, 841 A.2d at 836 (alteration in original) (quotations and citations omitted); *see also Kalb. v. Vega*, 468 A.2d 676, 683 (Md. Ct. Spec. App. 1983) (a defendant's wrongful exercise of dominion "may involve nothing more than the improper withholding of the property from the rightful owner," but may also be found to occur when the party in possession sells the property). "To establish conversion, a plaintiff must show: '(1) plaintiff's right to possess the property; and (2) defendant's intentional taking of the property without authority or permission,'" i.e. the wrongful exercise of dominion over another's property. *Vongohren v. Citimortgage, Inc.*, Civ. No. JFM-14-3549, 2016 WL 739070, at *6 (D. Md. Feb 25, 2016) (quoting *Froelich v. Erickson*, 96 F. Supp. 2d 507, 526 (D. Md. 2000)).

16

Here, construing the facts as alleged by Plaintiffs as true, Plaintiffs have plausibly alleged a claim for conversion. The Third Amended Complaint sets forth sufficient factual detail to establish Plaintiffs' basis for believing that they had a right to possess the vehicle and that Defendants intentionally took Plaintiffs' vehicle from them without authority or permission. The allegations in the Third Amended Complaint describe Plaintiffs' contract with PACCAR to purchase the vehicle, Plaintiffs' alleged payment arrangement with PACCAR at the time of the repossession, and the repossession of the vehicle by Defendants. (*See* ECF No. 68, ¶¶ 4-16, 18, 22).

B&W argues that Count III should be dismissed because the Third Amended Complaint lacks any factual allegations that an employee or agent of B&W executed the repossession. (ECF No. 77-1, p. 7). This Court does not find B&W's argument persuasive. As this Court has already held, the Third Amended Complaint plausibly alleges that B&W entered into a contractual arrangement with Last Lap to execute the repossession of the vehicle. Therefore, the Third Amended Complaint sets forth sufficient factual allegations to put B&W on notice of Plaintiffs' assertion that Last Lap, acting as an agent of B&W, unlawfully repossessed Plaintiffs' vehicle. B&W's motion to dismiss Count III is therefore denied.

Last Lap advances two arguments in support of its assertion that Plaintiffs' conversion claim must fail: (1) that the repossession was lawful because Plaintiffs were in default and law enforcement permitted the completion of the repossession; and (2) that Last Lap cannot be liable for conversion because PACCAR sold the vehicle at a private sale. (ECF No. 79-1, p. 7). This Court does not find either argument persuasive.

At this juncture, taking the allegations in the Third Amended Complaint as true, this Court cannot grant Last Lap's motion to dismiss Count III. First, Plaintiffs have sufficiently alleged that

they were not in default at the time of the repossession, in light of Plaintiffs' assertion that they

reached an agreement with PACCAR on September 26, 2018 regarding their next installment

payment.  (ECF No. 68, ¶¶ 8-9).  Second, construing the Plaintiffs' allegations as true, simply

because law enforcement ordered Plaintiffs to permit the repossession, does not, as Last Lap

suggests, automatically result in a lawful repossession.  *See* Md. Code Ann. Com. Law § 9-609,

U.C.C. Comment 3 ("This section does not authorize a secured party who repossesses without

judicial process to utilize the assistance of a law-enforcement officer.").  Last Lap likens this case

to *Davis v. Toyota Motor Credit Corp.*, 251 F. Supp. 3d 925, 929-30 (D. Md. 2017), where another

court in this district dismissed a conversion claim because it was "undisputed that the [plaintiff]

was in default," and the creditor was therefore within its rights to repossess the plaintiff's car.  *Id.*

at 930.  Here, Last Lap's reliance on *Davis* is misplaced, given Plaintiffs' assertion that they were

not in default at the time of the repossession.

Last Lap's argument that it cannot be liable for conversion because PACCAR sold the

vehicle at a private sale, is equally unavailing.  Under Maryland law, a defendant's wrongful

exercise of dominion "may involve nothing more than the improper withholding of the property

from the rightful owner."  *Kalb*, 468 A.2d at 683.  Here, the Third Amended Complaint plausibly

alleges that Last Lap executed the repossession, and therefore, that Last Lap wrongfully exercised

dominion over Plaintiffs' property.  Accordingly, Last Lap's motion to dismiss Count III is denied.

Finally, PACCAR asserts that the Third Amended Complaint lacks any well-pleaded facts

suggesting that it committed any physical act constituting a wrongful exercise of dominion over

the vehicle.  (ECF No. 78-1, p. 13).  This Court does not find PACCAR's argument convincing.

Construing the allegations in the Third Amended Complaint in favor of Plaintiffs, the Third

Amended Complaint alleges that "PACCAR sold Plaintiffs' property in a private sale on or about

October 16, 2018." (ECF No. 68, ¶ 16).  In light of this Court's determination that Plaintiffs have

plausibly alleged a breach of contract claim against PACCAR, this Court finds that Plaintiffs have

sufficiently alleged that PACCAR did not have the legal right to repossess the vehicle, and

therefore, that PACCAR wrongfully exercised dominion over Plaintiffs' property when it

allegedly sold the dump truck at a private sale on October 16, 2018.  *See Kalb*, 468 A.2d at 683 (a

defendant's wrongful exercise of dominion occurs when the party in possession sells the property);

*Darcars Motors*, 841 A.2d at 836 (an auctioneer who sells a stolen good becomes a converter,

"since the auctioneer's acts are an interference with the control of the property").  Therefore,

PACCAR's motion to dismiss Count III is denied.

## V.    CONCLUSION

For the foregoing reasons, B&W's Motion to Dismiss is **DENIED** (ECF No. 77), Last

Lap's Motion to Dismiss is **DENIED** (ECF No. 79), and PACCAR's Motion to Dismiss is

**DENIED** (ECF No. 78).

A separate Order will follow.


Dated: October 21, 2021                                    _____/s/_____
                                                           The Honorable Gina L. Simms
                                                           United States Magistrate Judge